1
2
3
4
5

**VENABLE LLP**
John S. Worden (SBN 142943)
*jsworden@venable.com*
Sarah M. Hoffman (SBN 316445)
*smhoffman@venable.com*
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:   (415) 653-3750
Facsimile:    (415) 653-3755

6
7
8
9

**VENABLE LLP**
Abigail C. Zeimis (SBN 347011)
*aczeimis@venable.com*
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:   310.229.9900
Facsimile:    310.229.9901

10
11
12
13

*Attorneys for Defendants Energy Vault Holdings, Inc., Energy Vault, Inc., Henry Elkus, William Gross, Zia Huque, Andrea Pedretti, Robert Piconi, Andrea Wuttke, Jeffrey Foster, Robert Laikin, and Larry Paulson*

14
15

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

16
17
18

1791 MANAGEMENT, LP, a Delaware limited partnership,

          Plaintiff,

19
20
21
22
23
24
25
26
27

     v.

ENERGY VAULT, INC., a Delaware corporation; ROBERT A. PICONI, an individual; WILLIAM T. GROSS, an individual; ZIA HUQUE aka TAHSINUL ZIA HUQUE, an individual; HENRY J. ELKUS, an individual; ANDREA S. PEDRETTI aka ANDREA PEDRETTI RODI, an individual; ANDREA E. WUTTKE, an individual; NOVUS CAPITAL CORPORATION II, a Delaware corporation; ROBERT J. LAIKIN, an individual; LARRY M. PAULSON, an individual; JEFFREY D. FOSTER, an individual; ENERGY VAULT HOLDINGS, INC., a Delaware corporation; (and DOES 1 through 25, inclusive,

28

          Defendants.

Case No.

[Los Angeles County Superior Court Case No. 22STCV16538]

**DEFENDANT ENERGY VAULT HOLDINGS, INC.'S NOTICE OF REMOVAL**

Action Filed:   May 18, 2022
1AC:              June 24, 2022
2AC:              Sept. 13, 2022
3AC:              June 2, 2023
Removal:         July 3, 2023

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Energy Vault, Inc., Energy Vault Holdings, Inc., and the named Individual Defendants (collectively "Energy Vault") hereby remove to this Court this action (the "Action") from the Superior Court of California for the County of Los Angeles.

1. As set forth below, this Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1331 and 1367, because this matter is a civil action arising, in part, under the laws of the United States—namely, 15 U.S.C. §§ 77(a) *et seq*., or the Securities Act of 1933 in conjunction with the federal forum provision in Energy Vault's charter—and in part under state law claims that are subject to supplemental jurisdiction under 28 U.S.C. § 1367.

2. By filing this Notice of Removal, Energy Vault does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the Action, the procedural sufficiency of the Third Amended Complaint, and all other defenses. Energy Vault reserves the right to supplement and amend this Notice of Removal.

## BACKGROUND

3. On May 18, 2022, Plaintiff 1791 Management LP ("Plaintiff") commenced this action by filing a complaint in the Superior Court of California for the County of Los Angeles ("Original Complaint") captioned *1791 Management LP v. Energy Vault, Inc., et al.*, (Case Number 22STCV16538). The Complaint alleged that Energy Vault violated California law by making certain misrepresentations about Energy Vault's expected revenue and anticipated projects with a company called DG Fuels, which induced Plaintiff to invest in Energy Vault warrants. Specifically, the Original Complaint advanced causes of action for: (1) Breach of Fiduciary Duty; (2) Intentional Misrepresentation of

1  Material Facts; (3) Negligent Misrepresentation; (4) Negligence; (5) Constructive

2  Fraud; and (6) Market Manipulation (Corp. Code § 25400).

3      4.      On June 24, 2022, Plaintiff filed its First Amended Complaint alleging

4  the same claims.  The First Amended Complaint included additional factual

5  allegations regarding Energy Vault's alleged misrepresentations and

6  recharacterized the sixth cause of action as "Violation of Corporations Code

7  §§ 25400-25550."

8      5.      On September 13, 2022, Plaintiff filed its Second Amended

9  Complaint, which added Novus Capital Corporation II ("Novus") and nine

10  individuals as defendants.  Plaintiff alleged the nine individuals were directors

11  and/or executives of Energy Vault, Inc. or Novus.  Plaintiff also added a seventh

12  cause of action for "Violation of Corporations Code §§ 25100-25118."

13      6.      Energy Vault and the individual defendants filed demurrers to the

14  Second Amended Complaint, which were heard and ruled on separately.

15      7.      On November 11, 2022, the Los Angeles Superior Court sustained

16  Energy Vault's demurrer as to the "Breach of Fiduciary Duty" and "Constructive

17  Fraud" causes of action without leave to amend, on the basis that because Plaintiff

18  did not allege it was an Energy Vault shareholder, it was owed no fiduciary duty

19  and these claims failed as a matter of law.

20      8.      On May 15, 2023, the Los Angeles Superior Court sustained the

21  individual defendants' demurrers as to the "Breach of Fiduciary Duty," "Negligent

22  Misrepresentation," "Negligence," and "Constructive Fraud" cause of action, with

23  leave to amend.

24      9.      On June 2, 2023, Plaintiff filed its Third Amended Complaint

25  ("3AC").  The 3AC advanced five causes of action for: (1) Breach of Fiduciary

26  Duty; (2); Common Law Fraud; (3) Constructive Fraud; (4) Violation of

27  Corporations Code §§ 25110-25118; and (5) Violation of Corporations Code

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

§§ 25400-25550.  The 3AC also purported to add Energy Vault Holdings, Inc. as a new defendant.

10.    For the first time, the 3AC alleged that Plaintiff purchased Energy Vault stock and options.  The 3AC also alleges that Energy Vault violated federal law by, among other things, violating federal regulations regarding the requirements to form a lawful Special-Purpose Acquisition Companies ("SPAC"), and failing to file a compliant S-1 Securities Registration Statement, thereby violating federal regulations for Energy Vault's lawful registration with the U.S. Securities and Exchange Commission ("SEC").

11.    Defendants deny liability and deny that Plaintiff suffered any damages by reason of any allegation in the 3AC.

## GROUNDS FOR REMOVAL
## (FEDERAL QUESTION JURISDICTION)

12.    Federal question jurisdiction arises here for two separate and independent reasons.  First, Plaintiff's claims arise under federal law and are subject to Energy Vault's federal forum provision.  Second, Plaintiff's claims present a "substantial federal question."

13.    28 U.S.C. § 1441(a) authorizes a defendant to remove from state court to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  That is, a defendant may remove a state court lawsuit to federal court if the plaintiff could have brought the case in federal court in the first instance.  28 U.S.C. § 1441.

14.    Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over any lawsuit "arising under the Constitution, laws, or treaties of the United States."  A lawsuit "arises under: the laws of the United states if a federal question is presented in the plaintiff's "well-pleaded complaint."  *E.g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the "well-pleaded complaint" rule, an action "arises under" federal law for the purposes of Section 1331 "when a federal

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1    question is presented on the face of the plaintiff's properly pleaded complaint."

2    *Daniher v. Pixar Animation Studios*, No. 22-CV-00372-BLF, 2022 WL 1470480,

3    at \*2 (N.D. Cal. May 10, 2022) (quoting *Caterpillar*, 482 U.S. at 392).

4        15.    This lawsuit arises from the formation of Defendant Novus Capital

5    Corporation II as a Special-Purpose Acquisition Company ("SPAC"), its initial

6    public offering ("IPO"), and subsequent business combination with Energy Vault,

7    pursuant to the Securities Act of 1933 and SEC regulations.

8        16.    Plaintiff alleges, *inter alia,* that it acquired warrants and shares in

9    Energy Vault, Inc. and/or EVH in reliance on Defendants' representations that the

10    SPAC complied with federal law, that this representation was incorrect because

11    Defendants violated federal law, and that Plaintiff suffered injury as a result. *See,*

12    *e.g.,* 3AC ¶¶ 4-7; 31-33.

13        17.    Plaintiff alleges that Defendants violated federal law as follows:

14       a.   "**Federal regulations require** that a SPAC has not identified a target

15           business when issues its IPO. Defendant Novus and its officers and

16           directors purported to comply with this requirement in the documents

17           they filed with the SEC. . . . On information and belief, Plaintiff alleges

18           that Novus had already identified EV as its target business for the

19           SPAC IPO." *Id.* at ¶¶ 5-6 (emphasis added).

20       b.   "Novus was not a lawfully compliant SPAC, EV was not properly

21           registered with the SEC as a public company, and its shares did not

22           meet SEC conditions for sale to the public." *Id.* at ¶ 6.

23       c.   "Defendants, on information and belief, falsely claimed that Novus is a

24           SPAC in order to register the warrants and make EV's shares more

25           attractive to investors, including Plaintiff." *Id.* at ¶ 7.

26       d.   "Novus sponsored EV's move from private to public business, based

27           on Defendants' claim that Novus is a SPAC and is therefore permitted

28

**V E N A B L E L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

to take private businesses public **under certain federal laws and regulations** regarding SPACs." *Id.* at ¶ 31 (emphasis added).

e. "**Federal laws and regulations require** that a SPAC cannot have identified a target business when it issues its IPO . . . Contrary to the representations in its S-4 statement, Novus had already identified EV as its target business for the SPAC IPO." *Id.* at ¶¶ 32-33 (emphasis added).

f. "Novus was not a lawful SPAC, its successor EVH was not properly registered with the SEC as a public company, and EVH's shares could not have been approved by the SEC for sale to the public." *Id.* at ¶ 33.

g. "Defendants falsely claimed that Novus was a SPAC." *Id.* at ¶ 41.

h. In addition, Plaintiff alleges that Defendants "deliberately delayed filing EVH's S-1 Form with the SEC, thereby preventing warrant shareholders from exercising conversion rights during that period." *Id.* at ¶ 51.

18.    These claims squarely allege that Defendants violated federal laws and regulations when it formed the Novus SPAC, pursued an IPO, and registered EVH shares for sale to the public.

19.    Plaintiff's claims therefore necessarily "arise under" the Securities Act of 1933 and its implementing regulations, notwithstanding that Plaintiff has styled them as state law claims. *See, e.g., Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1004 (8th Cir. 2000) (complaint that referenced violations of the federal Constitution "was properly removed" even though most of the complaint alleged violations of state law); *Wisconsin Dept. Of Corrections v. Schacht*, 524 U.S. 381, 386 (1998) ("[T]he presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal.").

20.     In addition, although in certain circumstances 15 U.S.C. § 77v(a) prohibits defendants from removing under the Securities Act of 1933, California courts have confirmed that Securities Act claims may be removed to federal court if the company's corporate charter has a "federal forum" selection provision.  *See Wong v. Restoration Robotics, Inc.*, 78 Cal. App. 5th 48, 80 (2022) (allowing removal of Securities Act claims to federal court pursuant to company's federal forum provision).

21.     Energy Vault's S-4 form (Declaration of John Worden, **Exhibit C**) provides: "Unless the Corporation consents in writing to the selection of an alternative forum, the federal district courts of the United States of America shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act of 1933, as amended."

22.     Plaintiff's 3AC alleges violations of federal regulations regarding the SPAC process and SEC requirements for registration as a public company, which necessarily implicate the Securities Act of 1933 and its implementing regulations. Removal is therefore proper, pursuant to Energy Vault's federal forum provision and the Securities Act of 1933.

23.     In addition, a complaint raising substantial federal questions on the face of the complaint should be heard by the federal court if a federal issue is (1) necessarily raised in the state law claim; (2) actually disputed; (3) substantial; and (4) "capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (Federal courts have jurisdiction under 28 U.S.C. § 1331 over "a state law claim [that] necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.").

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

24.     Plaintiff's 3AC requires the resolution of a substantial question of federal law involving a significant federal interest.

25.     First, as explained above, the 3AC alleges that Defendants violated federal securities law because Energy Vault was identified as a target business for the SPAC IPO in violation of federal regulations, EVH was not properly registered with the SEC as a public company, and its shares did not meet SEC conditions for sale to the public.  Plaintiff alleges it relied on Defendants' alleged misrepresentations about their compliance with federal law and SEC regulations when it purchased warrants and shares in Energy Vault, Inc. and/or EVH. Defendants' alleged violations of federal law are therefore a necessary element of Plaintiff's purported state law claims.  In order to adjudicate these claims, it will be necessary for the court to determine whether Defendants did in fact violate federal law.  This inquiry will necessarily require the court to interpret and apply the Securities Act of 1933 and its implementing regulations.

26.     Second, the federal issues are actually disputed because Defendants deny that they violated any federal (or state) laws or regulations.

27.     Third, the federal interest in the issues raised is substantial because the 3AC's claims are premised on the failure of Defendants to abide by *federal securities law*, and federal securities law is at the heart of the lawsuit.  The determination of whether EVH properly satisfied its obligations under the Securities Act of 1933 sensibly belongs in a federal court.

28.     Lastly, the exercise of federal jurisdiction would not disturb any Congressionally approved balance of federal or state judicial responsibilities because federal courts already hear these precise types of securities cases as set forth under 15 U.S.C. §§ 77(a).

29.     These allegations, which support all of Plaintiff's causes of action, raise federal questions on the face of the complaint, and the Court, therefore, has

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1  federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and removal

2  jurisdiction pursuant to 28 U.S.C. § 1441(a).

3  ### SUPPLEMENTAL JURISDICTION

4    23.    In addition, Plaintiff alleges that Energy Vault violated California

5  state law through the *same* alleged conduct.  *See generally*, 3AC.

6    24.    This Court has supplemental jurisdiction over "all claims that are so

7  related . . . that they form part of the same case or controversy."  28 U.S.C. § 1367.

8  In order to exercise supplemental jurisdiction, two conditions must exist: (1) there

9  must exist a federal claim, and (2) the non-federal claim must arise "from a

10  common nucleus of operative fact" such that a plaintiff "would ordinarily be

11  expected to try them in one judicial proceeding."  *United Mine Workers of Am. v.*

12  *Gibbs*, 383 U.S. 715, 725 (1966).

13    25.    Here, Plaintiff's state law causes of action are "so related [to its

14  federal causes of action] . . . that they form the same case or controversy," and are

15  therefore subject to the jurisdiction of this Court.  28 U.S.C. § 1367(a).

16    26.    As set forth above, there exist multiple federal allegations on the face

17  of Plaintiff's 3AC: (1) Energy Vault was identified as a target business for the

18  SPAC IPO in violation of federal regulations; (2) Energy Vault was not properly

19  registered with the SEC as a public company; and (3) Energy Vault's shares did

20  not meet SEC conditions under the Securities Act of 1933 for sale to the public.

21  *See* 3AC ¶¶ 4-6; 31-33; 50-51; 77.

22    27.    Plaintiff's state law causes of action not only rely upon a "common

23  nucleus of operative fact," they state identical claims for relief based on the same

24  allegations and facts.  Plaintiff's 3AC plainly alleges that Energy Vault violated

25  federal regulations and the Securities Act of 1933, in addition to state laws.

26    28.    Accordingly, the Court has supplemental jurisdiction over Plaintiff's

27  state law claims, and these claims are also subject to removal under 28 U.S.C.

28  § 1441(a); *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 165 (1997)

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1   (supplemental jurisdiction applies "with equal force to cases removed to federal

2   court as to cases initially filed there").

3       29.     None of the grounds upon which the Court may decline to exercise

4   supplemental jurisdiction is present here.  *See* 28 U.S.C. § 1367(c).  Plaintiff's

5   state claims are not novel or complex and do not substantially predominate over

6   the federal allegations; the federal allegations have not been dismissed; and there

7   are no exceptional circumstances or compelling reasons for declining jurisdiction.

8   Consequently, this Court should exercise supplemental jurisdiction over Plaintiff's

9   state law claims.  *See, e.g.*, *Executive Software N. Am., Inc. v. U.S. Dist. Court for*

10  *the Central Dist. of Cal.*, 24 F.3d 1545, 1556 (9th Cir. 1994) ("If the claim is

11  within the court's supplemental jurisdiction, the court must exercise such

12  jurisdiction unless one of the four categorical exceptions in § 1367(c) is satisfied.")

13  (internal quotation marks omitted), *overruled on other grounds by Cal. Dept. of*

14  *Water Resources v. Powerex Corp.*, 553 F.3d 1087 (9th Cir. 2008).

15  **PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

16      30.     This notice of removal is timely filed under 28 U.S.C. § 1446(b)(1), as

17  it is filed within 30 days of Energy Vault Holdings, Inc.'s (EVH's) receipt of the

18  3AC.

19      31.     EVH obtained a copy of Plaintiff's 3AC on June 2, 2023, and was not

20  named as a defendant in either the First or Second Amended Complaints.  The

21  filing of this notice of removal, therefore, is timely because EVH is filing it

22  "within 30 days after receipt by the defendant, through service or otherwise, of the

23  initial pleading setting forth the claim for relief upon which such action or

24  proceeding is based."  28 U.S.C. § 1446(b)(1).

25      32.     In addition, removal is timely under 28 U.S.C. § 1446(b)(3) because

26  the 3AC alleges for the first time that "EVH was not properly registered with the

27  SEC as a public company, and EVH's shares could not have been approved by the

28  SEC for sale to the public" and that Plaintiff purchased EVH shares.  3AC at ¶ 33.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

33.     As required by 28 U.S.C. §1446(a), copies of the 3AC and other papers filed in the state court action are attached to the Declaration of John Worden as **Exhibit B**.

34.     Pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a), this notice of removal is being filed with the United States District Court for the Central District of California, which is the federal court embracing the state court where this action was filed.

35.     Pursuant to 28 U.S.C. § 1446(d), EVH is filing with the clerk of the Superior Court of the State of California for the County of Los Angeles, and serving upon Plaintiff a Notice to Adverse Party and State Court of Removal of Action to Federal Court.  Proof of the same will be filed with this Court.

36.     EVH has complied with 28 U.S.C. § 1446(b)(2)(A) in that all defendants state their consent to this removal.

37.     Defendants Energy Vault, Inc., Henry Elkus, William Gross, Zia Huque, Andrea Pedretti, Robert Piconi, Andrea Wuttke, Jeffrey Foster, Robert Laikin, Larry Paulson, Novus Capital Corporation II, and Energy Vault Holdings, Inc., all consent to removal as required under 28 U.S.C. § 1446(b)(2)(A).

38.     No previous application has been made for the relief requested herein.

39.     This notice of removal has been signed pursuant to Fed. R. Civ. P. 11.

40.     If Plaintiff seeks to remand this case to state court, EVH respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding the case.  If the Court decides that remand is proper, EVH asks that the court retain jurisdiction and allow it to file a motion asking this Court to certify any remand order for review by the Ninth Circuit, pursuant to 28 U.S.C. § 1292(b).

NOTICE OF REMOVAL

## **CONCLUSION**

41.     Based on the foregoing, EVH removes the Los Angeles Superior Court action to this Court.

Dated: July 3, 2023

VENABLE LLP

By: _____
John S. Worden

*Attorneys for Defendants Energy Vault Holdings, Inc., Energy Vault, Inc., Henry Elkus, William Gross, Zia Huque, Andrea Pedretti, Robert Piconi, Andrea Wuttke, Jeffrey Foster, Robert Laikin, and Larry Paulson.*