JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:23-cv-05292-AB-PD | Date: | January 22, 2024 |
|---|---|---|---|

| Title: | 1791 Management, LP, et al. v. Energy Vault, Inc., et al. |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>**GRANTING**</u> MOTION TO REMAND TO THE CALIFORNIA SUPERIOR COURT

Before the Court is Plaintiff 1791 Management, LP's ("Plaintiff") Motion to Remand Case to the California Superior Court ("Motion," Dkt. No. 25). Defendants Energy Vault, Inc., et al. ("Defendants") filed an opposition and Plaintiff filed a reply. (Dkt. Nos. 29, 31.) The Court took the matter under submission. For the reasons set forth below, the Court **GRANTS** the Motion.

**I.   BACKGROUND**

On May 18, 2022, Plaintiff filed this action against Defendant Energy Vault, Inc. ("Energy Vault") in the California Superior Court for the County of Los Angeles. *See* Brandon S. Reif Decl. ("Reif Decl.") ¶ 2 (Dkt. No. 26). Plaintiff filed its Second Amended Complaint ("2AC") on September 13, 2022 against Defendants Energy Vault, Robert Piconi, William Gross, Zia Huque, Andrea Pedretti, Andrea Wuttke, Novus Capital Corporation II, Robert Laikin, Larry

Paulson, and Jeffrey Foster. *See* Reif Decl., Ex. B (2AC). The 2AC asserted state law claims for (1) breach of fiduciary duty, (2) common law fraud, (3) negligent misrepresentation, (4) negligence, (5) constructive fraud, (6) violation of California Corporations Code §§ 25110-25118, and (7) violation of California Corporations Code §§ 25400-25550, arising from Defendants allegedly fraudulently inducing Plaintiff to invest in Defendant Energy Vault's warrants. *Id*. Defendant Energy Vault and the individual Defendants filed demurrers to the SAC. *See* Notice of Removal ("NOR") ¶ 6.

On November 28, 2022, the state court sustained Defendant Energy Vault's demurrer to the breach of fiduciary duty and constructive fraud claims, without leave to amend as a matter of law, and overruled the demurrer to the remaining causes of action for common law fraud, negligent representation, negligence, violation of California Corporations Code §§ 25110-25118, and violation of California Corporations Code §§ 25400-25550. *See* NOR ¶ 7. The state court explained that no fiduciary duty was owed to a warrant holder under California law, and therefore Plaintiff's claims for breach of fiduciary duty and constructive fraud failed as a matter of law. *See id.*; John S. Warden Decl. ("Warden Decl."), Ex. B (52-67) at 55-68 (Dkt. No. 1-8). On May 15, 2023, the state court sustained the individual Defendants' demurrer to Plaintiff's claims for breach of fiduciary duty, negligent misrepresentation, negligence, and constructive fraud, with leave to amend, and overruled their demurrer to Plaintiff's cause of action for common law fraud. *See* Warden Decl., Ex. B (68-93) at 202-207 (Dkt. No. 1-9).

On June 2, 2023, Plaintiff filed its Third Amended Complaint ("3AC") in the California Superior Court. *See* Reif Decl., Ex. C (3AC). The 3AC adds EVH as a defendant and removes the claims for negligent misrepresentation and negligence, and asserts only the state law claims for (1) breach of fiduciary duty, (2) common law fraud, (3) constructive fraud, (4) violation of California Corporations Code §§ 25110-25118, and (5) violation of California Corporations Code §§ 25400-25550. *Id*. The 3AC largely reproduces the same allegations contained in the 2AC regarding Defendants misrepresenting or omitting material information concerning the registration of Novus as a Special Purpose Acquisition Company ("SPAC"), the SPAC status of Novus, Novus's initial public offering ("IPO"), the identification of Energy Vault as a target company, and Energy Vault's financial condition, sales performance, projected revenue, and business projects. *See id.* ¶¶ 31-44.

The 3AC asserts additional allegations, in relevant part, that Energy Vault and Novus merged in February 2022, EVH was created as a successor to Novus,

2

and thereafter EVH issued stock and warrants. *Id.* ¶ 9. The 3AC also claims that Defendants allegedly made misrepresentations or omissions of material information regarding the registration of Energy Vault as a public company and EVH's financial condition, sales and revenue track records, then-current and ongoing business, and expected revenue, to induce investors to invest in EVH's securities. *See id.* ¶¶ 33, 35. Plaintiff asserts that it relied on Defendants' alleged misrepresentations and omissions of material information in purchasing EVH warrants, stock, and options. *See id.* ¶¶ 10, 47-48.

On July 3, 2023, Defendants removed the case to this Court. *See* NOR (Dkt. No. 1). Defendants argue that although the 3AC only contains state law claims, the Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1367 because the action partly arises under federal law, namely the Securities Act of 1933 ("the 1933 Act"), and the federal forum provision ("FFP") contained in Defendant EVH's charter. *Id.* ¶ 1.

On August 18, 2023, Plaintiff filed its Fourth Amended Complaint ("4AC") in this Court. *See* 4AC (Dkt. No. 17). The 4AC does not differ substantively from the 3AC. *Id.*

Plaintiff now moves to remand this case to the California Superior Court. Plaintiff argues that (a) neither the 3AC nor the 4AC arise under federal law or raise a substantial federal question that is necessary to resolve any of Plaintiff's claims; (b) assuming *arguendo* that Plaintiff's claims arose under the 1933 Act, 1933 Act claims brought in state court cannot be removed to federal court, absent an exception that is inapplicable here; and (c) supplemental jurisdiction cannot be exercised because there is no original federal jurisdiction. *See* Mot. at 6. Plaintiff also asserts that Defendants improperly rely on EVH's charter to support removal. *See id.*

## II.   LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action, "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. §1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of

establishing that removal is proper." *Gaus v. Miles, Inc*., 980. F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id*. at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id*. at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.").

A federal district court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts look to the well-pleaded allegations of the complaint, not any defenses, in assessing whether an action arises under federal law. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Generally, a case arises under federal law "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). Even if a plaintiff "can maintain [a] claim on both state and federal grounds, [a plaintiff] may ignore the federal question and assert only a state law claim and defeat removal." *Sullivan*, 813 F.2d at 1372. Federal question jurisdiction can also apply where a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

The artful pleading doctrine is a corollary to the well-pleaded complaint rule. *Sullivan*, 813 F.2d at 1372. Under the artful pleading doctrine, "[a] plaintiff cannot defeat removal by masking or "artfully pleading" a federal claim as a state claim." *Id*. "The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Courts use the artful pleading doctrine "only in limited circumstances," such as complete preemption cases and substantial federal question cases. *Lippitt*, 340 F.3d at 1041–42. The second category of cases includes those cases where: (1) "a substantial, disputed question of federal law is a *necessary* element of the well-pleaded state claim or the claim is an 'inherently federal claim' articulated in state-law terms, or (2) the right to relief depends on the resolution of a substantial, disputed federal question." *Id*.

### III. JUDICIAL NOTICE

Defendants request the Court to take judicial notice of 1791 Management

LP's registration documents filed with the State of Delaware and 1791 Management LLC's records filed with the Nevada Secretary of State, in support of Defendants' opposition to the Motion. *See* Request for Judicial Notice ("RJN," Dkt. No. 30). The Court may take judicial notice of facts not subject to reasonable dispute that are either "generally known" in the community, or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b).

Because the documents sought to be noticed are irrelevant and unnecessary to the disposition of this Motion, the Court **DENIES** Defendants' Request for Judicial Notice. *See Santa Monica Nativity Scenes Cmte. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015) (denying requests for judicial notice "on the grounds that the documents to be noticed are irrelevant"); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 n.11 (9th Cir. 2014) (denying request for judicial notice where it "would not change [the Court's] analysis").

## IV. DISCUSSION

### A. Plaintiff's Claims Do Not Arise Under Federal Law

On the face of the 3AC and the operative 4AC, Plaintiff has alleged state law claims for fraud and state securities violations. Defendants insist that several of Plaintiff's claims regarding the formation of Novus as a SPAC, Novus's IPO, Novus's merger with EV, and the registration of EVH's securities "squarely allege" Defendants violated the 1933 Act and associated regulations. *See* NOR ¶¶ 15-19, 22, 25, 27-28, 26*-27*.[1] Defendants therefore argue that Plaintiff's claims "necessarily 'arise under' the [1933 Act] and its implementing regulations" and Plaintiff has "styled" these claims as state law claims to avoid federal jurisdiction. *See id*. ¶¶ 15-19; Opp. at 9-10. Plaintiff argues that Defendants are misrepresenting its allegations by construing the 3AC's references to federal law as specific allegations that Defendants violated federal law when Plaintiff has not stated its allegations as violations of federal law. *See* Reply at 2 (citing Opp. at 1:11-12; 6:4-9; 9:4-7; 9:16-10:12; 10:23-24; 12:3-4; 14:7-9; and 17:15-17). The Court agrees.

While the 3AC references federal law to support Plaintiff's state law claims, Plaintiff did not bring a federal claim under the 1933 Act. Plaintiff chose not to

---

1 The Notice of Removal's paragraphs are incorrectly numbered after paragraph 29 on page 7. For clarity, the Court refers to the paragraph number listed in the NOR with an asterisk to denote incorrectly numbered paragraphs where necessary.

bring any claims under federal securities laws or rules. Plaintiff does not seek a remedy expressly granted by the 1933 Act, and Defendants do not argue that the 1933 Act controls the disposition of Plaintiff's state securities claims. Rather, Defendants argue that Plaintiff's claims require the Court to construe federal law.[2] Opp. at 11. A state law claim may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharmaceuticals Inc*, 478 U.S. at 808. Plaintiff alleges state law claims for (1) breach of fiduciary duty, (2) common law fraud, (3) constructive fraud, (4) violation of California Corporations Code §§ 25110-25118, and (5) violation of California Corporations Code §§ 25400-25550. Mot. at 10-11.

      Plaintiff's claims for breach of fiduciary duty, common law fraud, and constructive fraud all arise under California statutory and common law. Federal law is not a necessary element of these state law claims.

      Similarly, Plaintiff's state securities claims do not depend on federal law. California Corporations Code § 25110 restricts the offer or sale of unregistered securities in an issuer transaction and prohibits offering or selling a security "in a manner that … fails to conform with either a material term or material condition of qualification of the offering … or a material representation as to the manner of offering …" Cal. Corp. Code § 25110. Under California Corporations Code § 25400, it is unlawful to make, "for the purpose of inducing the purchase or sale of such security by others, any statement which was, at the time and in the light of the circumstances under which it made, false or misleading with respect to any material fact ... and which he knew or had reasonable ground to believe was so false or misleading." Cal. Corp. Code § 25400. California Corporations Code § 25401 prohibits the sell of a security in California "by means of any written or oral communication that includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which the statements were made, not misleading." Cal. Corp. Code § 25401. Section 25401 does not require any intent to deceive. *I-Enter. Co. LLC v. Draper Fisher Jurvetson Mgmt. Co. V, LLC*, 2005 WL 3590984, at *27 (N.D. Cal. Dec. 30, 2005). California Corporations Code § 25500 creates a private right of action for violations of California Corporations Code § 25400. *See* Cal. Corp. Code § 25500.

---

2 Defendants invoke the Securities Act of 1934 ("the Exchange Act") as an additional basis for federal question jurisdiction in their Opposition. The Court will address this basis below.

When "a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)); *see also Ricano v. Aurora Loan Servicing*, No. CV 09-01989, 2009 WL 1096042 (C.D. Cal. April 22, 2009) (federal jurisdiction does not attach where state law claim for predatory lending could be supported by "alternative and independent" state law theories). Here, Plaintiff's claims alleging that Defendants induced it to purchase their securities at inflated prices by making misrepresentations and omissions of information concerning the financial condition and business connections of their companies are arguably supported by federal theories under the 1933 Act and the Exchange Act, but are also supported by state theories including Defendants violated California securities laws and breached other duties under other California laws. Moreover, Defendants do not point to which element of the California state securities laws relies on the determination of federal law.

Defendants' reliance on passing references in the 3AC of "federal laws and regulations" and general compliance with federal securities laws to support their alleged basis for federal question jurisdiction under the 1933 Act and regulations thereunder is misplaced.  *See, e.g.,* NOR ¶¶ 17(a) ("**Federal regulations** require that a SPAC has not identified a target business when [it] issues its IPO….")(citing 3AC ¶¶ 5-6)(emphasis in original);  17(b)("Novus was not a lawfully compliant SPAC, EV was not properly registered with the SEC as a public company, and its shares did not meet SEC conditions for sale to the public." )(citing 3AC ¶ 6); 17(c)(citing 3AC ¶ 7);  17(d)(" Novus sponsored EV's move from private to public business, based on Defendants' claim that Novus is a SPAC and is therefore permitted to take private businesses public **under certain federal laws and regulations regarding SPACs**.")(citing 3AC ¶31)(emphasis in original);  17(e) ("**Federal laws and regulations require** that a SPAC cannot have identified a target business when it issues its IPO ….")(citing 3AC ¶¶ 32-33)(emphasis in original). "[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *see Merrell Dow Pharms. Inc.*, 478 U.S. at 813 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

Therefore, Defendants have failed to demonstrate that Plaintiff's claims arise under the 1933 Act and regulations thereunder.

### B. Plaintiff's Claims Do Not Raise a Substantial Federal Question

In the alternative, Defendants argue that Plaintiff's state law claims necessarily raise an actually disputed, substantial federal question involving a significant federal interest that the Court must determine to resolve those claims. *See* NOR ¶¶ 23-24. In other words, Defendants assert that Plaintiff's state law claims actually arise under federal law because Plaintiff must prove violations of the 1933 Act and regulations thereunder in order to prevail on its state law claims. As discussed, a federal law is "embedded" within a Plaintiff's state law claim where the "claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

The first element of *Grable* is not satisfied. As discussed, Plaintiff's state law claims do not depend on a question of federal law. A plaintiff can avoid removal if a state-law theory of relief exists for each of its causes of action. *See Duncan*, 76 F.3d at 1486 ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper.").

The second element of *Grable* is also not met. Defendants argue that the federal interest in the issues is substantial because the 3AC is premised on Defendants' alleged failure to abide by federal securities law and "federal securities law is at the heart of the lawsuit." Opp. at 17. Substantiality in the removal context assesses "the importance of the issue to the federal system as a whole," not just the importance of the issue to the parties. *Gunn*, 568 U.S. at 260. A removing party therefore must establish that the federal issues in a case reach beyond the parties and the facts of the case. *Compare Grable*, 545 U.S. at 315 (holding that a complaint raised a substantial federal issue where "the meaning of [a] federal statute [was] actually in dispute" and that meaning was important to the Internal Revenue Service) *with Gunn*, 568 U.S. at 263, 64 (holding that the federal patent issues necessarily raised by the plaintiff's malpractice claim were not substantial because "the result would be limited to the parties and patents that had been before the state court"). This case is a simple securities dispute. While the federal issues that may arise in this case certainly will be important to the parties, they are not important to the federal system as a whole. Thus, Defendants have failed to establish that Plaintiff's claims raise substantial federal issues.

Because Defendants have failed to establish at least two required elements of the *Grable* test, the Court lacks federal question jurisdiction.

### C. The 1933 Act Bars Removal

Plaintiff argues that even if these claims arose under the 1933 Act, removal is barred. *See* Mot. at 9-10. 15 U.S.C. § 77v(a) provides as follows: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."15 U.S.C. § 77v(a). "[S]tate courts have "competent jurisdiction" over suits brought under the Securities Act of 1933. They also have jurisdiction over non-class actions (i.e., individual) claims for securities fraud brought under state law. In both instances, removal is not permitted under Section 77v(a)." *Elec. Workers Loc. #357 Pension v. Clovis Oncology, Inc.*, 185 F. Supp. 3d 1172, 1179 (N.D. Cal. 2016).

Even if Plaintiff brought claims arising under the 1933 Act, the plain text of the statute bars removal of this action. Because an individual action arising under the 1933 Act cannot be removed after a plaintiff files the action in state court and this action was brought in state court, there is no basis for removal jurisdiction. *See* 15 U.S.C. § 77v(a).

### i. Plaintiff Has Not Waived Its Right to Non-Removal

Defendants assert that removal is proper "pursuant to" EVH's federal forum provision and the 1933 Act because Plaintiff's claims regarding the SPAC process and SEC registration requirements "necessarily implicate" the 1933 Act and associated regulations. *See* NOR ¶ 22. The forum selection provision contained in EVH's charter states that "[u]nless the Corporation consents in writing to the selection of an alternative forum, the federal district courts of the United States of America shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act of 1933, as amended." *See* NOR, Ex. C at 513 (Dkt. No. 1-10).

Defendants cite to *Wong v. Restoration Robotics, Inc.*, 78 Cal. App. 5th 48, 80 (Cal. 2022) for the proposition that "although in certain circumstances 15 U.S.C. §77v(a) prohibits defendants from removing under the Securities Act of 1933, California courts have confirmed that Securities Act claims may be removed to federal court if the company's corporate charter has a federal forum selection provision." NOR ¶ 20. The case says no such thing. There, because the defendant

did *not* attempt to remove the suit, the question of removal was not at issue. *See Restoration Robotics, Inc.*, 78 Cal. App. 5th at 62-63 (emphasis added). The court explained, in relevant part,

> Restoration Robotics does not seek to remove this case to federal court. Instead, Restoration Robotics seeks to enforce the FFP, which requires Wong to file his action in federal court in the first place, rather than in state court. **Removal is not at issue here, so the removal bar has no apparent application to the FFP** …. The removal bar of Section 77v(a) prohibits the removal of cases to federal court, but does not prohibit the enforcement of a forum selection clause concerning 1933 Act claims that is part of a company's certificate of incorporation.

*Id.* (emphasis added). In other words, the enforcement of a federal forum provision that specifies a federal forum for the adjudication of 1933 claims may not necessarily implicate removal. Here, enforcement of EVH's FFP for Plaintiff's state securities claims would be moot, if not improper at this juncture. Even assuming *arguendo* that Plaintiff brought claims arising under the 1933 Act, "[t]he statute says what it says." *See Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 583 U.S. 416, 426 (2018). Removal is barred. *See* 15 U.S.C. § 77v(a).

Defendants also argue that Plaintiff waived its ability to seek remand because it assented to the terms of EVH's charter when it purchased EVH's securities. Opp. at 17-18. The Court has squarely rejected this argument. *See Iuso v. Snap, Inc.*, Case No. LA 17-cv-7176, 2017 WL 10410800, at *3 (C.D. Cal. Nov. 21, 2017). Although the charter's FFP requires filing a 1933 claim in federal court, "[s]uch a provision cannot confer jurisdiction upon this Court in contravention of the [1933] Act's anti-removal provision." *Id*. While Defendants assert that a forum-selection agreement can waive a party's right to pick a forum, a forum-selection provision "is by no means binding on this Court in determining whether Article III jurisdiction actually exists for the Court to decide this matter. A forum-selection clause between two private parties provides no obligation for a federal District Court to hear a case it cannot otherwise hear." *See id*. (quoting *Hsieh v. Snap, Inc.*, No. 2:17-cv-5569, at *3-4 (C.D. Cal. Aug. 29, 2017)).

### D. Defendants' Invocation of the Securities Act of 1934 is Unavailing

Defendants invoke the Securities Act of 1934 ("the Exchange Act") as a new basis for federal question jurisdiction for the first time in their Opposition. Specifically, Defendants argue that Plaintiff's allegations are not only confined to

the 1933 Act, but also arise under the Exchange Act. *See* Opp. at 6-9 (referencing the prohibition of price manipulation under § 78(i), the prohibition of misleading statements under § 78(r), and associated regulations). Defendants contend that Plaintiff "also alleges what would be actionable under [the Exchange Act], which establishes exclusive federal jurisdiction over claims brought under the Act, and therefore compels removal." *Id*. at 6 (emphasis omitted); 15 U.S.C. § 78aa(a). While Defendants acknowledge that their Notice of Removal did not specifically "cite to" the Exchange Act, Defendants assert that they "did reference 'other federal securities laws,' which include the 1934 Act." *See* Opp. at 6 n.6. The Court is unimpressed. Certainly, the Notice of Removal's recitation of "the Securities Act of 1933 and its implementing regulations" did not encompass the Securities Act of 1934. *See, e.g.*, NOR ¶¶ 15-19, 22, 25, 27-28, 26*-27*. Puzzlingly, Defendants do not direct the Court to where in the Notice of Removal they purportedly referenced "other federal securities laws." *But cf.* Opp. at 6 n.6.

"[S]ince removal must be effected by a defendant within 30 days after receiving a copy of the complaint (28 U.S.C. § 1446), the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made." *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969); *see Prado v. Dart Container Corp. of Cal.*, 373 F. Supp. 3d 1281, 1287 (N.D. Cal. 2019) (precluding amendment to notice of removal where defendant sought "to rely on an entirely different timeliness ground not stated in the original notice of removal"). As Plaintiff rightly points out, the cases that Defendants rely on do not support Defendants' assertion of a new substantive basis for removal in their Opposition. *See id*. (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th. Cir. 2002) and *Waller v. Hewlett-Packard Co.*, No. 11-cv-0454, 2011 WL 8601207, at *2 (S.D. Cal. May 10, 2011)). Both cases are readily distinguishable, as they concern evidence offered in an opposition to a motion to remand to further support the amount in controversy alleged in the notice of removal. *See Petsmart, Inc.*, 281 F.3d at ; *Waller*, 2011 WL 8601207, at *2.

Here, Defendants do not seek to "clarify" their alleged basis for federal question jurisdiction under the 1933 Act and regulations thereunder stated in their Notice of Removal. Rather, Defendants are asserting a new substantive basis for federal question jurisdiction: the Exchange Act. Even if Defendants' assertions in the Opposition concerning the Exchange Act were to be construed as amendments to the Notice of Removal, the Court would remain unpersuaded.

Federal courts have exclusive jurisdiction over suits "brought to enforce any

liability or duty created by [the Exchange Act] or the rules or regulations thereunder." 15 U.S.C. § 78aa(a). "§ 27 confers federal jurisdiction when an action is commenced in order to give effect to an Exchange Act requirement. That language, in emphasizing what the suit is designed to accomplish, stops short of embracing any complaint that happens to mention a duty established by the Exchange Act." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 381 (2016). Here, Plaintiff alleges claims for breach of fiduciary duty, common law fraud, constructive fraud, violation of California Corporation Code §§ 25110-25118, and violation of California Corporation Code §§ 25400-25550. *See* 3AC; 4AC. Plaintiff is not seeking to enforce any provision of the Exchange Act, or the regulations thereunder, nor is federal law necessary to resolve Plaintiff's state law claims. *See Manning*, 578 U.S. at 381-84; *Lippitt*, 340 F.3d at 1043. As discussed, California securities law encompasses both the alleged misconduct and the remedy sought in Plaintiff's causes of action. *See Manning*, 578 U.S. at 391 ("After all, Congress specifically affirmed the capacity of [state] courts to hear state-law securities actions, which predictably raise issues coinciding, overlapping, or intersecting with those under the Act itself."). Thus, the success of Plaintiff's state law claims does not necessarily hinge on the Exchange Act.

### E. Supplemental Jurisdiction Cannot Be Exercised

Because Plaintiff's claims arise under state law and do not raise a substantial federal question, there is no basis for the Court's original jurisdiction. Therefore, supplemental jurisdiction cannot be exercised.

## V. CONCLUSION

For the foregoing reasons, Defendants have failed to show that this action is within the Court's original jurisdiction. The Court therefore **GRANTS** Plaintiff's Motion. This matter is remanded to the Los Angeles County Superior Court.

**IT IS SO ORDERED**.